FRED McCASLAND v. THE STATE.

No. 12281.    Delivered January 30, 1929.

The opinion states the case.

*Kirby, King & Overshiner* of Abilene, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment confinement in the penitentiary for one year.

A witness for the state testified that his brother's children found a jug containing whiskey under a culvert. The witness took the whiskey to his brother's house where he and his brother divided it, each taking more than a quart. Witness carried his part of the whiskey to his own home, which was about a quarter of a mile from his brother's home. Appellant claimed the whiskey, according to the state's testimony, stating to the parties who had divided the whiskey that he had placed it under the culvert and that it belonged to him. On Monday appellant recovered one half gallon of said whiskey from one of the parties and on Tuesday following a quart thereof from the other party.

614

We deem it unnecessary to notice but one question. Appellant timely sought to have the state required to elect the transaction upon which a conviction would be sought, claiming that the testimony developed more than one separate transaction. We are not in accord with this contention. The whiskey found under the culvert and claimed by appellant was the identical whiskey recovered by him from the state's witnesses. From the time of the discovery of said whiskey until the recovery thereof by appellant, one continuous transaction was involved. There being but one transaction the doctrine of election had no application.

Finding no error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judge of the Court of Criminal Appeals and approved by the Court.